# GERALD L. SHARGEL

GERALD L. SHARGEL
HENRY E. MAZUREK
DANIELLE B. SHALOV

LAW OFFICES

570 LEXINGTON AVE., 16TH FLOOR
NEW YORK, NEW YORK 10022
TEL: 212.446.2323
FAX: 212.446.2330
info@shargellaw.com

June 29, 2005

**Via Hand Delivery
and Facsimile**

Honorable Lewis A. Kaplan
United States District Judge
United States Courthouse
500 Pearl Street
New York, NY 10007

          Re:    <u>United States v. Russell Harding</u>, 03 CR 316 (LAK)

Dear Judge Kaplan:

      I write on behalf of Russell Harding to request that Mr. Harding appear, as required by Fed.R.Crim.P. 43, at his sentencing hearing, presently scheduled for July 18, 2005, by video conference from his current place of incarceration at the Federal Medical Center ("FMC") in Butner, North Carolina. This procedure was employed at Mr. Harding's plea hearing. We make this request to avoid the risk of recurrence of Mr. Harding's depressive symptoms and suicidal ideation.

      I requested that Mr. Harding's treating psychiatrist, Dr. Bryon Herbel at FMC Butner, address the issue of whether Mr. Harding's travel to New York and residence at the Metropolitan Correctional Center would likely cause Mr. Harding to regress in his mental health treatment and condition. In a letter dated June 10, 2005, Dr. Herbel responded: "In my opinion, Mr. Harding would be at some increased risk of recurrence of his depressive symptoms, especially if he is housed there for an extended period of time." (<u>See</u> attachment, Letter of Dr. Bryon Herbel, June 10, 2005).

      While alternative housing arrangements have been discussed by the parties, it is still likely that once Mr. Harding is removed from the facility at FMC Butner, he would not be able to return there. Also, once sentenced, Mr. Harding would have to await designation by the federal Bureau of Prisons ("BOP") before being transported to a permanent facility at which he would complete his sentence. On average, the BOP needs approximately four to six weeks to complete the designation process. The government has indicated that it would assist defense counsel in attempting to expedite this process, but nothing can be finalized until after sentencing. Significantly, the BOP cannot predict

GERALD L. SHARGEL

Hon. Lewis A. Kaplan
June 29, 2005
Page 2 of 2

a timetable for locating a facility that meets Mr. Harding's security classification and other needs.

      Mr. Harding's request for appearance by video conference at his sentencing hearing will also save the government from incurring the additional expense and unnecessary use of resources to arrange alternate housing plans during the interim period before and after Mr. Harding's sentencing hearing. Because of Mr. Harding's fragile mental health state, these arrangements must include careful monitoring and ongoing treatment during Mr. Harding's transport and eventual placement in an interim holding facility. If Mr. Harding were returned to the MCC Manhattan, he would be placed in segregated housing and risk relapsing into depression with suicidal ideation. On the other hand, Mr. Harding's appearance by video conference would enable him to remain in his present stable environment and continue his current treatment program, which, thus far, has improved his depressive condition.

      I have spoken to the technicians who operate the video conferencing equipment at FMC Butner, and they have informed me that they are available to conduct the hearing by video conference on July 18, 2005 at 11:00 a.m. Also, the system has been enhanced since the last video appearance by Mr. Harding at his plea hearing. While we recognize the public interest in the solemn proceeding of a sentencing hearing, this interest would not be infringed upon by Mr. Harding's video appearance. All proceedings would still be in open and public court and the defendant would be present.

      In sum, given the compelling mental health needs of Mr. Harding, we respectfully request that he be permitted to make his appearance at the sentencing hearing by video conference.

Respectfully yours,

Henry E. Mazurek

cc:    Deborah Landis
        Daniel Braun
        Assistant United States Attorneys

Attachment



# MEMORANDUM
FMC BUTNER, NC\bh

**DATE:** 06/10/05

**TO:** Henry E. Mazurek
Gerald L Shargel Law Offices
570 Lexington Avenue, 16th Floor
New York, New York 10022
phone 212 446 2323 fax 212 446 2330

**FROM:** Bryon Herbel, M.D.
Staff Psychiatrist
Federal Medical Center
Butner, North Carolina

**RE:** Russell Harding #51961-054

I am responding to the questions in your letter dated 06/08/05.

1) Would travel to New York and residence at the MCC New York likely cause Mr. Harding to regress in his treatment and condition?

My clinical work with Mr. Harding has consisted of prescription of psychotropic medication and weekly individual supportive psychotherapy sessions. The psychotherapy treatment has broadly been focused at developing improved coping with his legal situation, with specific emphasis on his depressive symptoms and his personal psychological issues. Due to the combination of medication, therapy, and Mr. Harding's experience of being confined in various correctional settings, he is presumably better able to weather any adverse correctional housing conditions now than when he was first arrested.

Mr. Harding's anticipation of being housed in the Special Housing Unit at MCC New York due to the past publicity in his case seems realistic to me. In my opinion Mr. Harding would be at some increased risk of recurrence of his depressive symptoms, especially if he is housed there for an extended period of time.

Some options had been previously suggested to me by either defense counsel or the Assistant United States Attorney to minimize the risk of Mr. Harding relapsing into depression with suicidal ideation if the court ordered Mr Harding to return to New York for future legal proceedings. One suggestion was for him to remain at FMC Butner until the hearing was imminent. The other was for him to be housed at a federal correctional facility outside New York City while awaiting his upcoming legal proceedings.