UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

      -against-

RUSSELL HARDING,

      Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

03 Crim. 0316 (LAK)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED #: 7/21/09

**ORDER**

LEWIS A. KAPLAN, *District Judge.*

      Defendant was convicted on his plea of guilty of two counts of fraud and one of child pornography and sentenced principally to a term of imprisonment that amounted to 63 months. He now moves for an order (1) enjoining the Department of Justice from asserting that he was lawfully removed from or failed to cooperate with a sex offender treatment program, and (2) modifying his conditions of supervised release to remove any requirement that he be required to participate in sex offender treatment or, alternatively, barring the Probation Department or any agent or contractor therefor, including New York Center for Neuropsychology & Forensic Behavioral Science ("NYF"), from administering a polygraph examination to him, and requiring the Department of Probation to permit defendant to participate in sex offender treatment with a provider other than NYF.

      Defendant has failed utterly to establish any basis for subject matter jurisdiction over his request for an injunction against the Department of Justice. Likewise, he has failed to offer any persuasive basis for modifying his conditions of supervised release. The only remaining question is whether the Court should foreclose the administration of polygraph examinations to him and require that Probation permit him to participate in a treatment program offered by a provider other than NYF.

      There are very substantial grounds for believing that polygraph examinations are not reliable. The United States Attorney's Office for this district strenuously argued that they are unreliable and presented persuasive evidence to that effect at an evidentiary hearing before the undersigned some years ago. Indeed, it concedes here that "[t]he polygraph may . . . be somewhat unreliable." It is reasonable, however, to suppose that the threat of polygraph tests in some instances may deter those who may be subjected to them from lying.

      The government here characterizes Russell Harding as "an inveterate liar and manipulator." It does so with considerable justification. Accordingly, while the government's position in the past and the evidence it presented has engendered grave doubts concerning the

2

reliability of polygraphs generally, I accept that the polygraph may have some value with regard to this particular defendant, if only by offering some level of deterrence to the defendant.

The defendant's motion is denied in all respects.

SO ORDERED.

Dated:     July 20, 2009

Lewis A. Kaplan
United States District Judge